IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GLEN TONEY**                                                                                                    **PETITIONER**

v.                                              No. 4:22-cv-00533-JTK

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                **RESPONDENT**

## ORDER

Glen Toney seeks *habeas* review of his state court convictions and sentences entered by the Faulkner County Circuit Court in Case No. 23CR-16-1116.  Toney was charged with trafficking a controlled substance, simultaneous possession of drugs and firearm, use or possession of paraphernalia to manufacture methamphetamine, possession of a firearm, and possession of a controlled substance with intent to deliver.  A Faulkner County investigator attested to facts constituting probable cause for issuance of the arrest warrant:

> On December 22, 2016, a search warrant was executed at Glenn Toney's residence located at 1740 S. Salem Rd. Apt. 8.  Glenn Toney was found at the residence.  During the search of the residence approximately 3.5 pounds of Marijuana was located, as well as 1 pound and 2 ounces of Methamphetamine.  A gun was located in the bed where Toney was sleeping.  The gun had a loaded magazine and a round in the chamber.  An ACIC check showed that the gun was stolen out of Conway PD.  Amongst other paraphernalia[,] a scale was located in the dresser.
>
> During a post Miranda interview with Toney, he admitted to selling narcotics.  When asked about the gun, Toney stated that somebody owed him some money for narcotics, and gave him the firearm.  He denied any knowledge of the firearm being stolen.

*Doc. 11-1 at 7.*

The possession of a firearm charged was severed.  In July 2018, a Faulkner County jury found Toney guilty of the four unsevered counts.  He was sentenced to an aggregate term of thirty-

five years' imprisonment. The judgment was entered on July 25, 2018. *Doc. 11-1*. Toney timely filed a notice of appeal. *Doc. 11-3*.

In a negotiated plea, Toney pled guilty to the severed count of possession of a firearm. As part of the plea agreement, Toney withdrew his notice of appeal from the July 25 conviction and sentence. *Doc. 11-3*. He was sentenced to thirty years' imprisonment with the term to run concurrently with the sentences imposed on July 25 and with the sentences in four other cases (23CR-16-584, 23CR-17-453, 23CR-18-332, 23CR-18-356). The judgment was entered on January 30, 2019. *Doc. 11-4*. The amended judgment was entered on March 5, 2019. *Doc. 11-5*.

On June 6, 2022, Toney filed the *habeas* petition. He raises four claims: (1) law enforcement tampered with the 440.5 grams of methamphetamine purportedly found in his apartment and failed to authenticate, or establish a chain of custody, of the evidence; (2) the State Crime Lab did not determine the "purity content" of the 440.5 grams of methamphetamine, and, since trial, the prosecution has refused to provide him with the Crime Lab analysis; (3) the trial lawyer's work fell below the constitutional standard when he advised him (Toney) to waive the direct appeal as part of the negotiated plea, despite being aware of the evidence tampering; and (4) law enforcement used invalid search warrants to search his apartment and used GPS tracking to monitor his movements. Payne responds that the claims are time-barred, waived, and procedurally defaulted. In June 2022, United States District Judge James M. Moody, Jr., reassigned this case to the undersigned pursuant to the parties' consent to a United States Magistrate Judge's jurisdiction. *Doc. 14*.

*

There is a one-year limitations period for filing a federal *habeas* petition. 28 U.S.C. § 2244(d)(1). The limitations period is triggered by the last occurring of four events set out in 28 U.S.C. § 2244(d)(1)(A) through (d)(1)(D):

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Toney seems to argue that 28 U.S.C. § 2244(d)(1)(D) is the triggering event for the limitations period based on newly discovered evidence: (1) No investigator testified to finding the bag of 440.5 grams of methamphetamine in his (Toney's) apartment; (2) the bag "first appeared" at the Crime Lab without identification of its evidence locker; (3) there were "fictitious search warrants" and "court-forbidden GPS tracking"; (4) there was a "science fiction informant," who did not testify; and (5) prosecutorial/government interference caused him to waive his direct appeal, where he would have raised a broken chain of custody and tampering related to the bag of methamphetamine. *Doc. 2 at 14.* In the ineffectiveness claim, Toney says that, on about April 22, 2022, he obtained the trial lawyer's file with notes that the State was concerned about his (Toney's) direct appeal on the chain-of-custody issue. *No. 2 at 27–28.* Toney argues his trial lawyer misadvised him to waive his direct appeal as part of the plea negotiations. He says that the lawyer challenged the drug evidence at trial based on law enforcement's tampering and failure to maintain

3

a chain of custody, and that the lawyer was aware that the evidentiary issue was "virtually guaranteed" to result in the reversal of his convictions on appeal. *Doc. 2 at 27.*

Toney was, or at least could have been, aware of the factual predicate of each of his claims at trial. He was represented by counsel throughout the state court proceeding. In his four *habeas* claims, Toney relies on trial testimony and evidence. He acknowledges that his trial lawyer raised the evidentiary issues at trial, and he repeatedly provides citations to the trial transcript. The State's assessment of potential issues on direct appeal is not pertinent to whether the trial lawyer's work fell below the constitutional standard.

Because the factual predicate of the claims were, or at least could have been, discovered before trial, the July 25, 2018, (jury trial) and March 5, 2019, (guilty plea) judgments were the last occurring of the four triggering events. The limitations period began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Toney did not seek direct review, the judgments became final when the time for filing a notice of appeal expired. *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015). Under state court rules, the notice of appeal must be filed within thirty days from the date that the judgment was entered. Ark. R. App. P.–Crim. 2(a)(1).

The judgment entered on July 25, 2018, (jury trial) became final for the purpose of the *habeas* limitations period when Toney withdrew his notice of appeal on January 30, 2019. *Doc. 11-3*. The amended judgment entered on March 5, 2019, (guilty plea) became final when the time for filing a notice of appeal expired on April 4, 2019. *See* Ark. R. App. P.–Crim. 2(a)(1); *see also Smith v. State*, 2009 Ark. 85, at 1-2 (*per curiam*) (The defendant has thirty days from the entry of an amended judgment to file his notice of appeal, if the notice specifically recites that the appeal is taken from the amended judgment). The limitations period for challenging the convictions

decided by a jury therefore expired on January 30, 2020. The limitations period for challenging the conviction pursuant to the guilty plea expired on April 4, 2020. Because Toney did not file the *habeas* petition until June 6, 2022, the petition is untimely absent statutory or equitable tolling.

*

Toney is not entitled to statutory tolling. The *habeas* limitations period is tolled for the "time during a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Toney admits that he has not pursued post-conviction review. *Doc. 2 at 2–3.*

*

Toney argues the limitations period does not bar his petition based on new evidence of actual innocence. *Doc. 2 at 13.* The United States Supreme Court has recognized that, when the petition is not timely filed under § 2244(d)(1)(D), the time bar can be overcome by a showing of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)). The petitioner must support his *habeas* claims with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324.

For the same reasons that the triggering event of the limitations period is § 2244(d)(1)(A) instead of § 2244(d)(1)(D), Toney's actual-innocence argument fails. Toney, moreover, has not pointed to new evidence not presented at trial that would have prevented any reasonable juror from

5

finding him guilty. He has not demonstrated actual innocence to overcome the expiration of the limitations period.[1]

*

For all the reasons stated, Toney's *habeas* petition fails as time-barred and will be dismissed with prejudice. No certificate of appealability shall issue.

SO ORDERED.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

12/17/2024
DATE

---

[1] Toney does not argue that the limitations period is subject to equitable tolling. He has not pointed to any extraordinary circumstance that prevented timely filing of the petition. *Holland v. Florida,* 560 U.S. 631, 645, 649 (2010) (quotations omitted). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008) (quotations omitted).